ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY ET AL. v. GEORGE
M. WATKINS ET AL.

Decided February 20, 1907.

**1.—Carrier—Bill of Lading—Pleading—Evidence.**

Though plaintiff in a suit against several connecting carriers had not declared upon a specific written contract, the bill of lading issued by the initial carrier was admissible on proof of its execution; such execution could be shown by circumstantial evidence, such as its receipt by the consignees from the shippers in due course of business, and its recognition by the carriers in acting on it without objection in investigating plaintiff's claim; and the allegation that defendants had undertaken the transportation as partners not being denied under oath its execution by one was binding on all.

**2.—Evidence—Declarations of Agent.**

Statements made by an agent in reference to an act he is authorized to perform and while he is conducting the business or making propositions to that end, are admissible against his principal as part of the res gestae.

**3.—Evidence—Harmless Error.**

The admission of improper evidence was not ground for reversal where the trial was before the court without a jury and there was other sufficient evidence upon the point to which it was addressed.

**4.—Damages—Market Value—Retail Price.**

Testimony as to the market value, in the aggregate, of a carload of goods, held sufficient to support a recovery, though apparently based on the retail value of the separate articles, the goods being in demand at the place and time in question and not to be had there in wholesale lots.

Appeal from the County Court of Llano County. Tried below before Hon. John C. Oatman.

Appellant's exceptions to the admission in evidence of the bill of lading were qualified by the trial judge by the statement that the contract purported to be that of the "Frisco" road; that it was received by the consignees from the shipper, through the mail in regular course of business, and was, in accordance with the requirement of the railways, submitted to them and acted on by them in investigating the claim for damages made by plaintiffs, without questioning its execution.

*S. R. Fisher* and *J. H. Tallichet,* for appellants.—There was no allegation that the paper here referred to was executed by defendants or any of them, nor was it shown that any of defendants had executed the same. The court therefore erred in its admission. Western U. Tel. Co. v. Bertram, 1 W. & W. Civ. Cas., sec. 1153; Trinity Co. Lumber Co. v. Pinckard, 4 Texas Civ. App., 671; Betterson v. Echols, 85 Texas, 214; Baxter v. Howell, 26 S. W. Rep., 454.

The statements of the traveling freight agent of the "Frisco" and of the local agent of the Houston & Texas Central Railroad Company at Llano, and the letter of the commercial agent or traveling freight agent of the St. Louis & San Francisco Railroad Company are not admissible in evidence to show where damage to the carload of stoves occurred. Mis-

souri Pac. Ry. Co. v. Sherwood, 84 Texas, 125; Blain v. Pacific Exp. Co., 69 Texas, 74; Atchison, T. & S. F. Ry. Co. v. Bryan, 28 S. W. Rep., 98; Hannibal & S. J. Ry. Co. v. Martin, 11 Ill. App., 386; St. Louis I. M. & S. Ry. Co. v. Sweet, 21 S. W. Rep., 587; Carroll v. East Tennessee V. & G. Ry. Co., 82 Ga. 452; s. c. 6 L. R. A., 214; Chattanooga R. & C. Ry. Co. v. Liddell, 85 Ga., 482; s. c. 21 Am. St. Rep., 169; Mobile & O. Ry. Co. v. Klein, 43 Ill. App., 63; Anderson v. Rome W. & O. Ry. Co., 54 N. Y., 334.

Plaintiffs were not entitled to recover the retail value of the goods at Llano. Texas & P. Ry. Co. v. Payne, 38 S. W. Rep., 366, 367; Needham Piano and Organ Co. v. Hollingsworth, 91 Texas, 49; Wehle v. Haviland, 69 New York, 448.

*McLean & Spears,* for appellees.—The execution of the bill of lading was sufficiently established by the circumstances in evidence and could be so shown. Crain v. Huntington, 81 Texas, 614; Bounds v. Little, 75 Texas, 316; Baylor v. Tillebach, 49 S. W. Rep., 720; Jones v. Reus, 5 Texas Civ. App., 632.

It appearing that McCormack was the commercial agent of one of the appellants, and that he was actually engaged in tracing the delayed car in question, his declaration as to the whereabouts and condition of said car made at the time he was so engaged and while said car was in the custody of his principal, is within the apparent scope of his authority, constitutes part of the res gestae, and is admissible against the principal. Missouri, K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 381; Missouri P. Ry. Co. v. Simons, 6 Texas Civ. App., 625; Hull v. East Line & R. R. Ry. Co., 66 Texas, 620, 621; Missouri P. Ry. Co. v. Fagan, 72 Texas, 129; Poole v. Houston & T. C. R. R. Co., 58 Texas, 138; Missouri P. Ry., Co. v. Sherwood, 84 Texas, 135, 136; Gulf, C. & S. F. Ry. Co. v. Leatherwood, 69 S. W. Rep., 119.

It appearing that Franks was the traveling freight agent of one of the appellants, and was actually engaged for his principal in negotiating a settlement of the claim for damages, his declaration, made at the time he was so engaged, as to where the damage occurred, was within the apparent scope of his authority, a part of the res gestae, and admissible against the principal. Same authorities.

The court rendered judgment against appellants and in favor of appellees, for the difference in the market value of the goods, at Llano, Texas, at the time and in the condition in which they were delivered there, and what such market value would have been there, had said goods been transported and delivered in good condition, which was the proper measure of damages. Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 44; Dallas v. Allen, 40 S. W. Rep., 324; San Antonio St. Ry. v. Wray, 37 S. W. Rep., 461; Texas & P. Ry. v. Payne, 15 Texas Civ. App., 58; Needham P. & O. Co. v. Hollingsworth, 91 Texas, 49.

EIDSON, Associate Justice.—This action was brought in the court below by appellees against the Houston & Texas Central Railroad Company, the St. Louis & San Francisco Railroad Company and the St. Louis, San Francisco & Texas Railway Company, to recover damages to a shipment of a carload of stoves and hollowware. from St. Louis, Mis-

souri, to Llano, Texas. There was a trial in the court below without a jury which resulted in a judgment for plaintiffs against the St. Louis & San Francisco Railway Company and the St. Louis, San Francisco & Texas Railway Company, jointly, for $417, with interest at 6 percent per annum from November 10, 1905, amounting to $11 and costs, and in favor of the Houston & Texas Central Railroad Company. The defendants against whom judgment was rendered have perfected an appeal to this court.

Appellants' first assignment of error complains of the action of the court below in admitting in evidence over their objections the bill of lading executed by the St. Louis & San Francisco Railway Company for the car of goods shipped to plaintiffs, upon the ground that plaintiffs had not declared upon said bill of lading in their petition, and therefore were required to prove its execution. Conceding this proposition to be correct, proof of the execution of the bill of lading could properly be made by circumstantial evidence, which in our opinion was done in this case, as shown by the record. Plaintiffs having alleged in their petition that appellants belong to the Frisco System, and were partners, and there being no denial by appellants of such partnership, the bill of lading, although executed by one of the partners, was admissible in evidence against both.

We think the statements of McCormack and Franks, admission in evidence of which is complained of in appellants' second assignment of error, were properly admitted. It appears from the record that at the time McCormack made the statement objected to he was the agent of one of the appellants and actually engaged in tracing and locating the delayed car, which made his statement that the car had not reached Sherman, admissible as part of the *res gestae*. And the record shows that Franks was also the agent of one of the appellants at the time of making his statements, and was then actually engaged in an attempt to adjust plaintiffs' claim for damages, and at this time the car had just arrived with the goods damaged; and evidently, as appears from the record, plaintiffs and this agent were engaged in the examination and ascertainment of the character and extent of the damage to the goods. Under these circumstances, we think Franks' statement was also admissible as part of the *res gestae*. The statement and declaration of an agent made in reference to an act which he is authorized to perform, and at a time when he is conducting the business or making propositions to that end, is admissible against the principal. (City of Austin v. Nuchols, 15 Texas Ct. Rep., 156; Gulf, C. & S. F. Ry. Co. v. Batte, 15 Texas Ct. Rep., 581; Missouri, K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 381.)

The testimony as to the statements of the witness Tarrence, he not being shown to be the agent of either of appellants, was not admissible against appellants; but the case being tried before the court, its admission was harmless, especially as there was ample evidence to warrant the judgment without it. The bill of lading being the act of appellants as partners, its recitals as to the condition of the goods when received were binding upon them. The case of International & G. N. Ry. Co. v. Diamond Roller Mills, 82 S. W. Rep., 660, simply holds that the recitals of a bill of lading are not binding upon a carrier not a party to the bill of lading. We think the testimony as to market value of the

goods was sufficient to justify the judgment of the court. The testimony as to the market value of the goods was not restricted to their price at retail. The testimony showed that the stoves could not be had in Llano, that the only place where they could be gotten was in St. Louis, that the supply in Llano was not equal to the demand for such goods at the time, and that if said goods had not been damaged their actual market value at Llano at the time they were delivered would have been in the aggregate the sum of $438, and that at that time they could have been sold for that amount. Their market value in bulk, under the circumstances, might have been equal to the amount they would have brought at retail prices in the aggregate.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

*Affirmed.*